UNITED STATES *v.* GORDON and others.

*(District Court, D. Minnesota. October Term, 1884.)*

1. CONSPIRACY TO DEFRAUD UNITED STATES—REV. ST. UNITED STATES, § 5440—INDICTMENT—DEMURRER.
     Section 5440 of the United States Revised Statutes makes it a crime to conspire to defraud the United States in any manner, and a count in an indictment is not demurrable because it charges a conspiracy without setting forth the means by which the fraud is to be consummated.

2. SAME—FRAUDULENT ENTRY OF PUBLIC LANDS—FALSE AFFIDAVITS.
     A count in an indictment under Rev. St. § 5440, charging a conspiracy to defraud the United States by presenting for approval to the register and receiver of a land-office false and fraudulent affidavits and proofs of settlement and improvement under the pre-emption law of 28 persons, stating that such persons were entitled to enter public lands, and had severally complied with the pre-emption laws, and had severally entered such lands for their individual benefit and not for speculation, is sufficient.

3. SAME—ENTRY FOR SPECULATION.
     A count in an indictment under section 5440 of the United States Revised Statutes, charging a conspiracy to defraud the United States by hiring 28 persons to enter at a land-office, under color of the pre-emption laws, certain public lands of the United States, solely for the purpose of selling the same on speculation to defendant, and L., and some other person to the grand jury unknown, is not demurrable.

Demurrer to Indictment under Section 5440 for Conspiracy to Defraud the United States.

The first count charges a conspiracy, by the defendant and others, to defraud, without setting forth the means by which the fraud is to be consummated. The second count charges a conspiracy to defraud the United States by presenting for approval to the register and receiver of the Duluth land-office false and fraudulent affidavits and proofs of settlement and improvement under the pre-emption law of 28 persons; such affidavits falsely state that said persons were qualified to enter public land under the pre-emption laws, and that they had severally complied with the pre-emption laws, and that they had severally entered such lands for their individual benefit and not for purposes of speculation. The third count charges a conspiracy to defraud the United States by hiring 28 persons to enter at the Duluth land-office, under color of the pre-emption laws, certain public lands of the United States solely for the purpose of selling the same on speculation to the defendant and one Albion K. Lovejoy. The fourth count is similar to the third, except that it charges that the land was to be entered for the purpose of selling the same on speculation to the defendant Gordon, Albion K. Lovejoy, and some other person to the grand jury unknown. In each count the land is described as being 4,480 acres in township 63 N. range 16 W., accompanied by the allegation that a more particular description is unknown to the grand jury. A large number of overt acts, identically described, follow each count.

*C. A. Congdon,* Asst. U. S. Atty., for the United States.

*H. L. Gordon, in personam.*

NELSON, J. The three counts in the indictment charge that the defendant, with others, conspired to defraud the government out of certain public lands. There is no separate and distinct offense charged. The second and third counts allege the means which the defendant intended to use to consummate the fraud. This mode of pleading is not objectionable, and the demurrer cannot be sustained for the reasons assigned: that separate and distinct offenses are charged. The first count is good. The section of the statute (5440) makes it a crime to conspire to defraud the United States in any manner, and the cases cited from the state courts which hold that a conspiracy to defraud is not criminal, unless it is a conspiracy to defraud in a manner made criminal by statute, have no application to indictments under section 5440. It is is immaterial what means were used to defraud, as it is criminal to conspire to defraud the United States in any manner or for any purpose, and the court does not care to know whether the modes adopted to accomplish the end proposed is made criminal or not. The second count is sufficiently clear in its statements, and the acts which it is alleged the defendant conspired to do would defraud the government. Each count is followed by allegation of a large number of acts done in pursuance of and to effect

the object of the conspiracy, and these allegations are identical. I think the lands are sufficiently described, and the defendant is reasonably informed of the particular instances intended and referred to. The third count is good. It charges with sufficient particularity that the defendant, with others, conspired to defraud the government out of the land by a pretended compliance with the pre-emption laws at the Duluth land-office, in which district the lands were situated. The fourth count is good. It charges that the defendant and others conspired to defraud the government out of the lands by a pretended compliance with the pre-emption laws, for the purpose of selling them to the defendant. It charges a contrivance to secure the privilege of pre-emption, and a combination to defraud the government.

Demurrer is overruled, with leave to plead.